J-S10033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EDWARD SCOTT, | : | |
| | : | |
| Appellant | : | No. 1455 EDA 2018 |

Appeal from the PCRA Order April 6, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006350-2011

BEFORE: GANTMAN, P.J.E., STABILE, J., and COLINS*, J.

MEMORANDUM BY GANTMAN, P.J.E.: **FILED APRIL 15, 2019**

Appellant, Edward Scott, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant facts and procedural history of this case are as follows. On May 18, 2011, Appellant and an accomplice robbed Victim at gunpoint, and Appellant fled the scene in Victim's vehicle. A jury convicted Appellant on February 7, 2013, of one count each of robbery, conspiracy to commit robbery, robbery of a motor vehicle, and possession of an instrument of crime. On July 2, 2013, the court sentenced Appellant to an aggregate term of ten (10) to twenty (20) years' incarceration, plus ten (10) years' probation. The sentence included a mandatory minimum sentence under 42 Pa.C.S.A. § 9714

_____

* Retired Senior Judge assigned to the Superior Court.

(governing sentences for second and subsequent offenses).

This Court affirmed the judgment of sentence on July 29, 2015, and our Supreme Court denied allowance of appeal on December 1, 2015. **See Commonwealth v. Scott**, 125 A.3d 464 (Pa.Super. 2015) (unpublished memorandum), *appeal denied*, 633 Pa. 778, 126 A.3d 1284 (2015).

On February 26, 2016, Appellant filed *pro se* his first PCRA petition. The PCRA court appointed counsel, who filed an amended petition on November 23, 2016. Following a hearing on March 24, 2017, the court issued notice of its intent to dismiss Appellant's petition, per Pa.R.Crim.P. 907. On April 10, 2017, despite having counsel, Appellant filed a *pro se* motion for an extension of time to respond to the Rule 907 notice, which the court granted. On August 10, 2017, Appellant filed his *pro se* response. Appellant's counsel also filed a response to the Rule 907 notice on March 20, 2018. The PCRA court dismissed Appellant's petition on April 6, 2018, and on April 13, 2018, Appellant filed a timely notice of appeal. The court did not order Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), and Appellant did not file one.

Appellant raises the following issue for our review:

> WAS COUNSEL INEFFECTIVE FOR FAILING TO RAISE THE ISSUE OF…APPELLANT'S BEING SUBJECT TO AN ILLEGAL MANDATORY MINIMUM SENTENCE?

(Appellant's Brief at 9).

Our standard of review of the denial of a PCRA petition is limited to

examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. **Commonwealth v. Conway**, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We do not give the same deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190 (Pa.Super. 2012). Traditionally, credibility issues are resolved by the trier of fact who had the opportunity to observe the witnesses' demeanor. **Commonwealth v. Abu-Jamal**, 553 Pa. 485, 720 A.2d 79 (1998), *cert. denied*, 528 U.S. 810, 120 S.Ct. 41, 145 L.Ed.2d 38 (1999). "A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts." **Commonwealth v. Johnson**, 600 Pa. 329, 356-357, 966 A.2d 523, 539 (2009).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Daniel J. Anders, we conclude Appellant's issue merits no relief. The PCRA court opinion comprehensively discusses and properly disposes of the question presented. (**See** PCRA Court Opinion, filed May 25, 2018, at 2-6) (finding: prior convictions are sentencing factors, not elements of offenses; when Appellant committed underlying offense, he had prior conviction for voluntary

manslaughter, another crime of violence; therefore, sentence imposed under 42 Pa.C.S.A. § 9714 was not unconstitutional, and his ineffectiveness claim lacks arguable merit).  The record supports the PCRA court's decision. Accordingly, we affirm based on the PCRA court opinion.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/15/19

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY **FILED**
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION—CRIMINAL

**2018 MAY 25 AM 10: 52**

COMMONWEALTH OF PENNSYLVANIA ： 1455 EDA 2018 **OFFICE OF JUDICIAL RECORDS**
**CRIMINAL DIVISION**
VS. ： .CP-51-CR-006350-2011 **FIRST JUDICIAL DISTRICT**
**PENNSYLVANIA**

EDWARD SCOTT ：



CP-51-CR-0006350-2011 Comm. v. Scott, Edward K.
Opinion

8114537561

OPINION

Defendant Edward Scott was convicted of robbery, conspiracy to commit robbery of a motor vehicle and possession of an instrument of crime. He was sentenced to 10 to 20 years of incarceration. Defendant challenged his judgment of sentence on a direct appeal, which the Superior Court affirmed. *Commonwealth v. Edward Scott*, 2286 EDA 2013, filed July 29, 2015.

On February 26, 2016, Defendant filed a timely petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541, *et seq.*; court-appointed counsel subsequently filed an amended PRCA petition. The PCRA court dismissed Defendant's PRCA petitions as without merit. For the reasons stated herein, the Superior Court should affirm the PCRA court's order dismissing Defendant's PCRA petitions.

FACTUAL AND PROCEDURAL BACKGROUND

On May 18, 2011, Defendant and his co-defendant approached William Jackson on the 1300 block of Narragansett Street in Philadelphia. The co-defendant pulled out a black and silver semi-automatic handgun and pointed it in Jackson's face. The co-defendant told Jackson to get on the ground, lay face-down on his stomach, and hand over his money; Jackson complied. The co-defendant then put the gun to the center of the back of Jackson's head. As the co-defendant did this, Defendant was standing directly behind Williams. The co-defendant then removed a wallet from Jackson's back pocket, and told Defendant to jump into Jackson's vehicle and drive off.

1

Jackson called 911 and provided descriptions of Defendant, the co-defendant and his vehicle in which Defendant drove off. Minutes later, police officers stopped Defendant, who was observed walking away from the driver's side of Jackson's vehicle. Police brought Jackson to Defendant to make an on-scene identification. Jackson positively identified Defendant based upon his face, skin color, height, stature and clothing. At trial, Jackson testified that he had no doubt that he correctly identified Defendant as the person who stole his vehicle. *See generally* Trial Court Opinion, October 16, 2014 at 1-4.

Defendant challenged his judgment of sentence on a direct appeal, which the Superior Court affirmed. *Commonwealth v. Edward Scott*, 2286 EDA 2013, filed July 29, 2015. On February 26, 2016, Defendant filed a timely PCRA petition. Court-appointed counsel subsequently filed an amended PRCA petition on November 23, 2016.

On March 24, 2017, the PCRA court held a hearing on Defendant's PCRA petitions, during which it concluded that his PCRA claims were without merit and issued a Rule 907 Notice. On April 10, 2017, Defendant requested additional time to file a response to the Rule 907 Notice. On August 10, 2017, Defendant filed objections to the Rule 907 Notice. On March 20, 2018, court-appointed counsel filed a letter response to Defendant's objections. On April 6, 2018, the PCRA court formally dismissed Defendant's PCRA claims as without merit. Defendant then filed this timely appeal.

DISCUSSION

On appeal, Defendant will argue that the PCRA court erred in dismissing his claims as without merit because his trial counsel was ineffective for failing to (1) raise the constitutionality of a mandatory sentence, (2) litigate a motion to dismiss pursuant to Pa.R.Crim.P. 600(g), (3) interview, investigate and call several alibi witnesses, and (4) properly advise Defendant of his right

2

to testify at trial. Defendant's Amended PCRA Petition, dated 11/23/2016, and Defendant's Response and Objections to Rule 907 Notice, dated 8/10/2017.

1. The Standard of Review of Claims of Ineffectiveness in PCRA Petitions

In *Commonwealth v. Cox*, 983 A.2d 666 (Pa. 2009), our Supreme Court set forth the standards governing claims brought pursuant to the PCRA alleging ineffective assistance of counsel:

> Under the PCRA, collateral relief is afforded to individuals who prove that they are innocent of the crimes of which they were convicted, and those receiving illegal sentences. 42 Pa.C.S. § 9542. "A petitioner is eligible for PCRA relief only when he proves by a preponderance of the evidence that his conviction or sentence resulted from one or more of the circumstances delineated in 42 Pa.C.S. § 9543(a)(2)." *Commonwealth v. Natividad*, 938 A.2d 310, 320 (Pa. 2007). One of the grounds enumerated in 42 Pa.C.S § 9542(a)(2) involves claims alleging ineffective assistance of counsel. Thus, the PCRA provides relief to those individuals whose convictions or sentences "resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9542(a)(2)(ii). This Court has interpreted this to mean that in order to obtain relief on a claim alleging ineffective assistance of counsel, a petitioner must prove that: (1) the claim underlying the ineffectiveness claim has arguable merit; (2) counsel's actions lacked any reasonable basis; and (3) counsel's actions resulted in prejudice to petitioner. *Commonwealth v. Collins*, 957 A.2d 237 (Pa. 2008); *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987). A chosen strategy will not be found to have lacked a reasonable basis unless it is proven 'that an alternative not chosen offered a potential for success substantially greater than the course actually pursued.'" *Commonwealth v. Williams*, 899 A.2d 1060, 1064 (Pa. 2006) (quoting *Commonwealth v. Howard*, 719 A.2d 233, 237 (Pa. 1998)). "Prejudice in the context of ineffective assistance of counsel means demonstrating that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." *Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001); *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Finally, the law presumes that counsel was effective and the burden of proving that this presumption is false rests with the petitioner. *Commonwealth v. Basemore*, 744 A.2d 717, 728 n.10 (Pa. 2000).

*Cox*, 983 A.2d at 678.

3

"Prejudice," as articulated in *Strickland* and *Pierce*, requires the defendant to show that "trial counsel's omission had an actual adverse effect on the outcome of the proceedings such that [Defendant] is entitled to a new trial." *Commonwealth v. Spotz*, 84 A.3d 294, 317 (Pa. 2014); *Commonwealth v. Gribble*, 863 A.2d 455, 472 (Pa. 2004). The Pennsylvania Supreme Court clarified the standard of proof required to establish prejudice in a PCRA proceeding and distinguished it from the harmless error standard on direct appeal:

> [A] defendant [raising a claim of ineffective assistance of counsel] *is required to show actual prejudice*; that is, that counsel's ineffectiveness was of such magnitude that it 'could have reasonably had an adverse effect on the outcome of the proceedings.' *Pierce*, 527 A.2d at 977. *This standard is different from the harmless error analysis* that is typically applied when determining whether the trial court erred in taking or failing to take certain action. The harmless error standard, as set forth by this Court in *Commonwealth v. Story*, 383 A.2d [155], 164 [(Pa. 1978)] (citations omitted), states that "[w]henever there is a 'reasonable possibility' that an error 'might have contributed to the conviction,' the error is not harmless." This standard, which places the burden on the Commonwealth to show that the error did not contribute to the verdict beyond a reasonable doubt, is a lesser standard than the *Pierce* prejudice standard...."

*Spotz*, 84 A.3d at 315 (emphasis added). Thus, to establish the requisite prejudice in a PCRA proceeding, the defendant "must show there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have different." *Id.* at 320-21.

The standard of review for an appeal from the denial of PCRA relief is "whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Gwynn*, 943 A.2d 940, 944 (Pa. 2008). "The level of deference accorded to the post-conviction court may vary depending upon whether the decision involved matters of credibility or matters of applying the governing law to the facts as so determined." *Commonwealth v. Williams*, 950 A.2d 294, 299 (Pa. 2008). "The PCRA court's factual determinations are entitled to deference, but its legal conclusions are subject to plenary review." *Commonwealth v. Gorby*, 900 A.2d 346, 363 (Pa. 2006).

4

Finally, a judge may dismiss a PCRA petition without a hearing if: (1) the petition is patently frivolous and without support in the record; or (2) the facts alleged therein would not, even if proven, entitle the defendant to relief. *See* Pa.R.Crim.P. 907; *Commonwealth v. Walls*, 993 A.2d 289, 295 (Pa. Super. Ct. 2010) ("It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence."). "There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. Ct. 2008).

As discussed below, Defendant's ineffectiveness claims are wholly without merit, and the Superior Court should affirm the PCRA court's dismissal of his PCRA petitions.

2.     Defendant's Claim That Trial Counsel Was Ineffective For Failing To Challenge The Sentence As Unconstitutional Is Without Merit

Defendant asserts that trial counsel was ineffective for failing to challenge the imposition of a mandatory sentence of 10 to 20 years. The trial court sentenced Defendant pursuant to 42 Pa.C.S. § 9714(a), which states, "Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement."

Regarding mandatory minimum sentencing statutes, the U.S. Supreme Court held that any "[f]acts that increase the mandatory-minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." *Alleyne v. United States*, 570 U.S. 99, 108 (2013). In *Commonwealth v. Reid*, 117 A.3d 777 (Pa. Super. Ct. 2015), the Superior Court considered whether Section 9714(a) was unconstitutional given the U.S. Supreme Court's dictates of *Alleyne*. The Superior Court noted that "*Alleyne* did not overturn prior precedent that

5

prior convictions are sentencing factors and not elements of offenses." *Id.* at 784. Indeed, even in *Alleyne*, the U.S. Supreme Court recognized that prior convictions are a "narrow exception" to the general rule that the Sixth Amendment provides defendants with the right to have a jury find beyond a reasonable doubt any fact that increases the mandatory minimum. *Alleyne*, 570 U.S. at 111, n.1. Given that "narrow exception," the Superior Court held that Section 9714 was not unconstitutional under *Alleyne*. *Reid*, 117 A.3d at 785.

Thus, Defendant's ineffectiveness claim regarding an unconstitutional mandatory sentence is without merit because – at the time he committed the offense for which he was sentenced – he had previously been convicted of voluntary manslaughter, which qualified as crime of violence.

3. Defendant's Claim That Trial Counsel Was Ineffective For Failing To Litigate A Rule 600(g) Motion Is Without Merit

Defendant claims that his trial counsel was ineffective for failing to litigate a motion to dismiss pursuant to Pa.R.Crim.P. 600(g). Contrary to Defendant's claim, trial counsel did litigate a motion to dismiss pursuant to Pa.R.Crim.P. 600(g) on the day of trial. *See* N.T. 02/05/2013 at 2-9. The trial court denied the Rule 600(g) motion. *Id.* Because Defendant's trial counsel actually litigated the Rule 600(g) motion, the PCRA court properly dismissed this ineffectiveness claim as without merit.

4. Defendant's Claim That Trial Counsel Was Ineffective For Failing To Interview, Investigate and Call Alibi Witnesses Is Without Merit

Defendant claims that his trial counsel was ineffective for failing to interview, investigate and call Anthony Scott, Marcus Scott, Jabriel Buie and Nathan Sharin as alibi witnesses at trial.

In order to prove that trial counsel was ineffective for failing to call an alibi witness to testify on his behalf, a defendant must demonstrate that: (1) the witness existed; (2) the witness was available to testify; (3) counsel was aware of the existence of the witness, or should have

6

known of her existence and availability; (4) the proposed witness was ready, willing and able to testify on behalf of the defendant; and (5) the absence of the proposed testimony prejudiced the defendant. *Commonwealth v. Johnson*, 966 A.2d 523, 536 (Pa. 1999). A defendant must satisfy all of these elements by offers of objective proof. *Commonwealth v. Lopez*, 739 A.2d 485, 496 (Pa. 1999). If the defendant fails to do so, he is not entitled to relief on his claim. *Id.* Finally "trial counsel will not be found ineffective for failing to investigate or call a witness unless there is some showing by the appellant that the witness's testimony would have been helpful to the defense." *Commonwealth v. Brown*, 767 A.2d 576, 582 (Pa. Super. 2001) (citing *Commonwealth v. Auker*, 545 Pa. 521, 548, 681 A.2d 1305, 1319 (1996)).

Here, the PCRA court properly dismissed this claim because Defendant told the trial court that he did not wish to have any witnesses or other evidence presented to the jury other than Brenda Scott and that he was satisfied with the services of his trial counsel.[1] N.T. 02/06/2013 at 73-74. Therefore, the PCRA court properly dismissed this ineffectiveness claim. *See Commonwealth v. Paddy*, 800 A.2d 294, 315 (Pa. 2002) (trial counsel was not ineffective where defendant was questioned by the court regarding right to call any witnesses and did not indicate any additional witnesses to be called); *Commonwealth v. Hancharik*, 565 A.2d 782, 784 (Pa. Super. Ct. 1998) (same).

Additionally, given the overwhelming evidence of Defendant's guilt – the strength of the identification testimony by Jackson as well as Defendant's arrest as he was walking away from the driver's side of the stolen vehicle – Defendant cannot prove the requisite actual prejudice to succeed on this ineffectiveness claim. *See generally*, Trial Court Opinion, October 16, 2014 at 1-4. For this additional reason, Defendant's ineffectiveness claim is without merit.

---

[1] Pursuant to Defendant's request, Brenda Scott testified at trial on February 6, 2013.

5.   Defendant's Claim That Trial Counsel Was Ineffective For Failing To Properly Advise Defendant Of His Right To Testify At Trial

Defendant claims that trial counsel was ineffective for failing to properly advise him of his right to testify at trial. This claim is contradicted by the trial transcript wherein the trial court – just before the trial ended – conducted a thorough colloquy of Defendant regarding his right to testify on his own behalf. N.T. 02/06/2013 at 72-73. Defendant testified that he was aware of constitutional right to testify and that he did not want to testify at trial. *Id.* As such, the PCRA court properly dismissed this ineffectiveness claim as without merit. *Commonwealth v. Willis*, 68 A.3d 997 (Pa. Super. Ct. 2013) (PCRA court correctly rejected petitioner's ineffectiveness claims where the claims would contradict petitioner's statements to trial court because defendant was bound by those statements made in open court while under oath).

## CONCLUSION

Based on the foregoing, the Superior court should affirm the PCRA court's dismissal of Defendant's PCRA petitions.

BY THE COURT:

_____
DANIEL J. ANDERS, JUDGE
Dated: May 25, 2018

8

Comm. v. Edward Scott
CP-51-CR-0006350-2011
1455 EDA 2018

## PROOF OF SERVICE

I hereby certify that I am this day caused to be served the foregoing Order upon this person(s):

Attorney for Appellant:      J. Matthew Wolfe
4256 Regent Square
Philadelphia, PA 19104

Type of Service:      Regular mail

Appellant:      Edward Scott
MT6117
SCI Coal Township
1 Kelley Drive
Coal Township, PA 17866-1020

Type of Service:      Regular mail

Appellee:      Appeals Unit
Philadelphia District Attorney's Office
3 S. Penn Square
Philadelphia, PA 19107

Type of Service:      CJC Mailbox

DATED: 5/25/2018

Raymond T. Dorizio, Esquire
Law Clerk to Hon. Daniel J. Anders